| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy<br>23151 Moulton Parkway<br>Laguna Hills, CA 92653<br>Phone and Fax: (949) 218-2002<br>avaesq@lakeforestbkoffice.com | |

☒ *Attorney for:* DEBTOR-IN-POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>BYRON YORK PRIESTLEY<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:20-bk-11795-MW<br>CHAPTER: 11<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE: 12/21/2020<br>TIME: 2:00 pm<br>COURTROOM: 6C<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |
|---|---|

1. TO *(specify claimant and claimant's counsel, if any)*: <u>DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE</u>

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #<u>1</u>) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers:** You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: <u>11/20/2020</u>

LAKE FOREST BANKRUPTCY
Printed name of law firm

Signature

Date Notice Mailed: <u>11/20/2020</u>

ANERIO V. ALTMAN, ESQ.
Printed name of attorney for objector

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

23151 Moulton Parkway, Laguna Hills, CA 92653

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/20/2020   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) 11/20/2020   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/20/2020   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/20/2020 | ANERIO V. ALTMAN, ESQ. | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

VIA CM/ECF SERVICE

- **Anerio V Altman**    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Andrew Mase**    amase@theryanfirm.com, ecf@theryanfirm.com
- **Timothy M Ryan**    tryan@theryanfirm.com, ecf@theryanfirm.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

VIA U.S. CERTIFIED MAIL RETURN RECEIPT

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

UNITED STATES TRUSTEE
411 WEST FOURTH STREET, SUITE 7160
SANTA ANA, CA 92701

UNITED STATES ATTORNEY'S OFFICE
FEDERAL BUILDING, ROOM 7516
300 NORTH LOS ANGELES STREET
LOS ANGELES, CA 90012

UNITED STATES DEPARTMENT OF JUSTICE
BEN FRANKLIN STATION
P.O. BOX 683
WASHINGTON, DC 20044

1  ANERIO V. ALTMAN, Cal. Bar No. 228445
   LAKE FOREST BANKRUPTCY
2  23151 Moulton Parkway, Suite 131
   Laguna Hills, California 92630
3  Telephone:  949-218-2002
   Facsimile:  949-218-2002
   avaesq@lakeforestbkoffice.com
4  Bankruptcy Counsel for
   Debtor-in-Possession
5  BYRON YORK PRIESTLEY

6

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

10

11 | In re                              | Case No. 8:20-bk-11795-MW
12 | BYRON YORK PRIESTLEY                | Chapter 11
13 |          Debtor-In-Possession.     | **OBJECTION TO THE CLAIM OF THE INTERNAL REVENUE SERVICE FILED AS PROOF OF CLAIM #1; DECLARATION OF BYRON YORK PRIESTLEY**
14 |
15 |                                     | Judge
16 |                                     | Hon. Mark Wallace
17 |                                     | HEARING
   |                                     | Date:  December 21th ,2020
18 |                                     | Time:  2:00 P.M.
   |                                     | Place: 411 West Fourth Street #6C, Santa Ana, CA 92701
19
20
21
22 ///
23
24 ///
25

-1-

1        DEBTOR-IN-POSSESSION BYRON YORK PRIESTLEY ("Debtor"), by and through his

2  counsel, objects to the Proof of Claim of the Internal Revenue Service ("IRS") filed as Claim #1 in

3  this matter.  <u>Exhibit 1.</u>  Per their Proof of Claim filed, the IRS has claimed that it is entitled to a

4  tax lien of $16,938.55, Priority Tax Debt of $47,500, and unsecured general tax debt of

5  $212,299.25.  Debtor asserts that the correct amount of the unsecured general taxes should be

6  reduced by $117,322.80.

7      **I.     FACTS RELEVANT TO THE OBJECTION**

8      A.  On June 23rd, 2020, the Debtor filed a petition under Chapter 11 of the Bankruptcy

9           Code.  This case was docketed 8:20-bk-11795-MW ("Present Case").

10     B.  Prior to this filing, the Debtor had filed a Chapter 7 Matter on April 28th, 2011.  That

11          case was docketed 8:11-bk-16045-MW ("Prior BK".)  A true and correct copy of the

12          Docket for that case is attached.  <u>Exhibit 2.</u>

13     C.  The Debtor received a Chapter 7 Discharge in the Prior BK on May 16th, 2013.  <u>Id.</u>

14     D.  The Debtor did not own a real property interest at the time he filed the Prior BK.

15          <u>Declaration of Byron Priestley, Paragraph E.</u>

16     E.  The Debtor did not own any business interest when he filed the Prior BK.  <u>Id.</u>

17     F.  The Debtor scheduled, and owned, only scant resources at the time he filed the Prior

18          BK.  <u>Id.</u>

19     G.  The Prior BK lasted 750 days, from April 28th, 2011 until May 16th 2013.

20     H.  When he filed the Present Case, the Debtor anticipated that some debt would be owed,

21          and claimed, by the Internal Revenue Service.  <u>Declaration of Byron Priestley,</u>

22          <u>Paragraph I.</u>

23     I.  On July 1st, 2020. the IRS filed Claim #1 which claimed $16,938.55 in secured tax

24          debt, $47,500.16 in priority tax debt and $212,299.25 in unsecured general tax debt.

25

J. Debtor believes that some amount of this tax liability should have been discharged in the Prior BK. *Declaration, supra* at Paragraph K.

K. Prior to filing this Objection, Debtor's Counsel contacted the Internal Revenue Service and tried to reduce the IRS's claim voluntarily. The IRS discussed the matter with him, but did not agree to reduce the claim.

L. Debtor now files this Objection to reduce the IRS's claim.

## II.    ARGUMENT

### A. BREAKDOWN OF THE IRS'S TAX CLAIMS

The IRS's claims are charted in summary in the following chart:

| TAX PERIOD ENDING | TYPE OF TAX | AMOUNT OF TAX |
|---|---|---|
| 12/31/2007 | Secured Tax Lien | $16,938.55 |
| 12/31/2007 | Priority Tax Debt-Civil Penalties, Assessed May 3rd, 2010. 26 U.S.C. Sec. 6672. | $6,948.90 in taxes, $3,272.88 in interest. |
| 3/31/2008 | Priority Tax Debt-Civil Penalties, Assessed May 3rd, 2010. 26 U.S.C. Sec. 6672. | $3,227.31 in taxes, $1,517.59 in interest. |
| 6/30/2008 | Priority Tax Debt-Civil Penalties, Assessed May 3rd, 2010. 26 U.S.C. Sec. 6672. | $3,692.23 in taxes, $1,736.23 in interest. |
| 9/30/2008 | Priority Tax Debt-Civil Penalties, Assessed May 3rd, 2010. 26 U.S.C. Sec. 6672. | $3,328.52 in taxes, $1,565.21 in interest. |

| Date | Description | Amount |
|---|---|---|
| 12/31/2008 | Priority Tax Debt-Civil Penalties, Assessed May 3rd, 2010. 26 U.S.C. Sec. 6672. | $2,547.60 in taxes, $1,197.99 in interest. |
| 12/31/2017 | Priority-Income Tax. Estimated for this year. | $5,177.55 in taxes, $627.95 in interest. |
| 12/31/2018 | Priority-Income Tax. | $5,962.00 in taxes, $378.82 in interest. |
| 12/31/2019 | Priority-Income Tax. Estimated for this year. | $6,260.10 in taxes, $59.28 in interest. |
| 12/31/2003 | Unsecured Income Tax, assessed 11/9/2009. | $11,857 in taxes, $13,762.03 in interest. |
| 12/31/2004 | Unsecured Income Tax, assessed 11/9/2009. | $21,801 in taxes, $22,171.87 in interest. |
| 12/31/2005 | Unsecured Income Tax, assessed 11/9/2009. | $25,258 in taxes, $22,462.90 in interest. |
| 12/31/2007 | Unsecured Income Tax, assessed June 27th, 2011 | $32,392.45 in taxes, $30,509.29 in interest. |
| 12/31/2009 | Unsecured Income Tax, assessed February 15th, 2016 | $1,889 in taxes, $893.79 in interest. |
| 12/31/2013 | Unsecured Income Tax, assessed April 11th, 2016 | $3,448.00 in taxes, $1002.68 in interest. |
| 12/31/2014 | Unsecured Income Tax, assessed April 9th, 2018 | $1,177 in taxes, $297.38 in interest. |

-4-

| 12/31/2014 | Unsecured Income Tax, assessed April 23rd, 2018. | $1,533 in taxes, $387.35 in interest. |
|---|---|---|
| 12/31/2015 | Unsecured Income Tax. Assessed March 5th, 2018 | $3,924 in taxes, $843.96 in interest. |
| 12/31/2016 | Unsecured Income Tax, assessed March 5th, 2018 | $4,931 in taxes, $826.04 in interest. |

## B. $117,322.80 OF THE IRS'S UNSECURED NON-PRIORITY TAX DEBT CLAIM SHOULD HAVE BEEN DISCHARGED IN THE PRIOR BK

Approximately $117,322.80 of the IRS's unsecured non-priority tax debt listed in the IRS's Claim was discharged in the Prior BK.

### 1. THE DISCHARGEABILITY OF TAX DEBT IN CHAPTER 7 BANKRUPTCY CASES

Income tax can be discharged when the following conditions are met:

1. The tax in question derives from a tax year in which the return came due at least three years prior to the bankruptcy filing. This three year period begins from the due date of the return. 11 U.S.C. Sec. 507(a)(8)(a)(i);

2. The return for the tax year in question was filed at least two years prior to the bankruptcy filing; 11 U.S.C. Sec. 523(a)(1)(b)(ii).

3. The taxes for the year in question were assessed by the taxing authority at least 240 days prior to the bankruptcy filing; 11 U.S.C. Sec. 507(a)(8)(a)(ii).

4. The taxes in question derive from income tax, rather than fiduciary or trust fund taxes; and

5. The taxes in question were not derived from alleged fraud.

2. INCOME TAXES FROM 2003, 2004, AND 2005 WERE DISCHARGED IN THE PRIOR BK

1. 3-YEAR-RULE: THE RETURNS FOR 2003, 2004 AND 2005 WERE ALL DUE THREE YEARS PRIOR TO THE PRIOR BK

The Debtor filed his Prior Bk on April 28th, 2011. The latest due date for the returns for these tax years would have belonged to is 2005. The 2005 return would have been due Tuesday April 18th, 2006, and the three year period would have fallen on April 18th, 2009. All these tax years would qualify under the 3 year rule.

2. 2-YEAR-RULE: THE DEBTOR BELIEVES THAT THE RETURNS WERE TIMELY FILED, OR FILED AT LEAST TWO YEARS PRIOR TO THE PRIOR BK

The Debtor believes that the returns in question were timely filed or filed at least two years prior to the Prior Bk. Declaration of Byron Priestley, Paragraph K. Even if late-filed, the Debtor does not believe the IRS ever filed Substitute For Returns for those years, so upon filing his return and waiting two years, the taxes would still be dischargeable. In Re Smith 828 F. 3d 1094 (9th Cir., 2016).

3. 240-DAY-RULE: THE ASSESSMENTS OCCURRED AT LEAST 240 DAYS PRIOR TO THE PRIOR BK

Per the IRS's proof of claim, the taxes for the income tax owed for years 2003, 2004 and 2005 were assessed November 9th, 2009 at least two years prior to the Prior BK. Exhibit 1, *supra*. This was well over 240 days prior to the PRIOR BK's filing.

4. INCOME TAX AND NO ALLEGATION OF FRAUD

1  The Debtor believes, and knows of no allegation, that the Income Tax Claimed for tax

2  years 2003, 2004 and 2005 were incurred for non-income taxes or by any means not allowed by

3  law. Id.

4  5.   THE TAXES OWED FOR 2003, 2004 AND 2005 SHOULD

5  HAVE BEEN DISCHARGED

6  The taxes owed for these years should have been discharged.   These taxes total

7  $117,322.80:

| TAX PERIOD ENDING | CLAIMED TAX IN THIS MATTER | AMOUNT THAT WAS DISCHARGED IN PRIOR BK |
|---|---|---|
| 12/31/2003 | $11,867 in tax, $13,762.03 in interest for a total of $25,629.03 | $25,629.03 |
| 12/31/2004 | $21,801 in tax, $22,171.87 in interest for a total of $43,972.87 | $43,972.87 |
| 12/31/2005 | $25,258 in tax, $22,462.90 in interest for a total of $47,720.90 | $47,720.90 |
| TOTAL | | $117,322.80 |

## III.   PRAYER

Based upon the foregoing statements, Debtor requests that that the taxes owed and claimed

for tax years 2003, 2004 and 2005 be determined to be discharged in the Prior BK; and

For such other relief as is just and proper.

1    Dated:November 20th, 2020                    Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                                        ANERIO V. ALTMAN, ESQ.
2                                                       COUNSEL FOR
                                                        DEBTOR-IN-POSSESSION
3                                                       BYRON YORK PRIESTLEY

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## DECLARATION OF BYRON PRIESTLEY

I, BYRON PRIESTLEY, declare as follows:

A. I am over the age of 18 years old and I am legally able and competent to testify to the following in a court of law if required to do so.

B. On June 23rd, 2020, I filed a petition under Chapter 11 of the Bankruptcy Code. This case was docketed 8:20-bk-11795-MW.

C. Prior to this filing, I filed a Chapter 7 Matter on April 28th, 2011. That case was docketed 8:11-bk-16045-MW ("Prior BK".) A true and correct copy of the Docket for that case is attached as Exhibit 2 to this objection.

D. I received a Chapter 7 Discharge in the Prior BK on May 16th, 2013.

E. I did not own a real property interest at the time he filed the Prior BK. I have attached true and correct copies of my Schedules A/B in that matter which demonstrate what property I owned at the time. Exhibit 2.

F. I did not own any business interest when I filed the Prior BK. Id.

G. I scheduled, and owned, only scant resources at the time I filed the Prior BK. Id.

H. The Prior BK lasted 750 days, from April 28th, 2011 until May 16th 2013. Id.

I. When I filed the Present Case, I anticipated that some debt would be owed, and claimed, by the Internal Revenue Service. Id.

J. On July 1st, 2020. the IRS filed Claim #1 which claimed $16,938.55 in secured tax debt, $47,500.16 in priority tax debt and $212,299.25 in unsecured general tax debt.

K. I believe that some amount of this tax liability should have been discharged in the Prior BK. I believe I timely filed all returns that came due.

1    L.  I did not incur any taxes in years 2003, 2004 or 2005 in a way that was contrary to law,

2        and never with an attempt to defraud the government.  I do not believe any allegation

3        of fraud or impropriety for those years was ever claimed.

4    M. I make these declarations under penalty of perjury of the laws of the United States and

5        know that they are true.

6    Dated: 11 / 20 / 2020 _____        Signed:_____

7                                               BYRON PRIESTLEY

-10-

Doc ID: 52cf588b4434de60282f91d474a41d361ed38d11

**EXHIBIT 1**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | BYRON YORK PRIESTLEY |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL District of CALIFORNIA (State) |
| Case number | 8:20-BK-11795-MW |

**Official Form 410**

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Department of the Treasury - Internal Revenue Service
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

■ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Internal Revenue Service
Name

P.O. Box 7346
Number        Street

Philadelphia        PA        19101-7346
City        State        ZIP Code

Contact phone  1-800-973-0424

Contact email

Creditor Number: 40353670

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

**Where should payments to the creditor be sent? (if different)**

Internal Revenue Service
Name

Insolvency Group 4 55 So Market St, M/S HQ5430
Number        Street

San Jose        CA        95113
City        State        ZIP Code

Contact phone  (408) 283-1806

Contact email

**4. Does this claim amend one already filed?**

■ No
☐ Yes.    Claim number on court claims registry (if known)        Filed on: _____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

■ No
☐ Yes.  Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:     See Attachment

**7. How much is the claim?**     $ 276,737.96

**Does this amount include interest or other charges?**

☐ No

■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☐ No

■ Yes. The claim is secured by a lien on property.

**Nature of property:**

■ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

■ Motor Vehicle

■ Other. Describe:     *All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:**     See Attachment
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of Property:**     $

**Amount of the claim that is secured:**     $ 16,938.55

**Amount of the claim that is unsecured:**     $ 259,799.41     (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $

**Annual Interest Rate** (when case was filed)  5  %

☐ Fixed

■ Variable

**10. Is this claim based on a lease?**

■ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $

**11. Is this claim subject to a right of setoff?**

☐ No

■ Yes. Identify the property     See Attachment

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>■ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 47,500.16 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

*Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

■ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/30/2020
                  MM / DD / YYYY

/s/ GREGORY MOXLEY
(Signature)

Print the name of the person who is completing and signing this claim:

| Name | GREGORY | | MOXLEY |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | BANKRUPTCY SPECIALIST |
|---|---|

| Company | Internal Revenue Service |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | Insolvency Group 4 55 So Market St, M/S HQ5430 |
|---|---|
| | Number        Street |
| | San Jose                                    CA            95113 |
| | City                                        State         ZIP Code |

Contact Phone  (408) 283-1806              Email:

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

Form 410
Attachment

**In the Matter of:** BYRON YORK PRIESTLEY
22442 RIPPLING BROOK
LAKE FOREST, CA 92630

| Case Number |
| --- |
| 8:20-BK-11795-MW |
| Type of Bankruptcy Case |
| CHAPTER 11 |
| Date of Petition |
| 06/23/2020 |

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Secured Claims**    (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| XXX-XX-1162 | INCOME | 12/31/2007 | 06/27/2011 | $16,938.55 | $0.00 | $0.00 | 04/08/2014 | ORANGE COUNTY |

**Total Amount of Secured Claims:**    $16,938.55

**Unsecured Priority Claims**    under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- | --- |
| XXX-XX-1162 | CIVIL PEN | 12/31/2007 | 05/03/2010 | | $6,948.90 | $3,272.88 |
| XXX-XX-1162 | CIVIL PEN | 03/31/2008 | 05/03/2010 | | $3,227.31 | $1,517.59 |
| XXX-XX-1162 | CIVIL PEN | 06/30/2008 | 05/03/2010 | | $3,692.23 | $1,736.23 |
| XXX-XX-1162 | CIVIL PEN | 09/30/2008 | 05/03/2010 | | $3,328.52 | $1,565.21 |
| XXX-XX-1162 | CIVIL PEN | 12/31/2008 | 05/03/2010 | | $2,547.60 | $1,197.99 |
| XXX-XX-1162 | INCOME | 12/31/2017 | *I* Estimated- SEE NOTE | | $5,177.55 | $627.95 |
| XXX-XX-1162 | INCOME | 12/31/2018 | 12/02/2019 | | $5,962.00 | $378.82 |
| XXX-XX-1162 | INCOME | 12/31/2019 | *I* Estimated- SEE NOTE | | $6,260.10 | $59.28 |
| | | | | | $37,144.21 | $10,355.95 |

**Total Amount of Unsecured Priority Claims:**    $47,500.16

**Unsecured General Claims**

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| XXX-XX-1162 | INCOME | 12/31/2003 | 11/09/2009 | $11,867.00 | $13,762.03 |
| XXX-XX-1162 | INCOME | 12/31/2004 | 11/09/2009 | $21,801.00 | $22,171.87 |
| XXX-XX-1162 | INCOME | 12/31/2005 | 11/09/2009 | $25,258.00 | $22,462.90 |
| XXX-XX-1162 | INCOME | 12/31/2007 | 06/27/2011 | $32,392.45 | $30,509.29 |
| XXX-XX-1162 | INCOME | 12/31/2009 | 02/15/2016 | $1,889.00 | $893.79 |
| XXX-XX-1162 | INCOME | 12/31/2013 | 04/11/2016 | $3,448.00 | $1,002.68 |
| XXX-XX-1162 | INCOME | 12/31/2014 | 04/09/2018 | $1,177.00 | $297.38 |

I LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

# Proof of Claim for
# Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**In the Matter of:** BYRON YORK PRIESTLEY
22442 RIPPLING BROOK
LAKE FOREST, CA 92630



**Form 410**
Attachment

| Case Number |
| --- |
| 8:20-BK-11795-MW |

| Type of Bankruptcy Case |
| --- |
| CHAPTER 11 |

| Date of Petition |
| --- |
| 06/23/2020 |

**Unsecured General Claims** (Continued from Page 1)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| XXX-XX-1162 | INCOME | 12/31/2014 | 04/23/2018 | $1,533.00 | $387.35 |
| XXX-XX-1162 | INCOME | 12/31/2015 | 03/05/2018 | $3,924.00 | $843.96 |
| XXX-XX-1162 | INCOME | 12/31/2016 | 03/05/2018 | $4,931.00 | $826.04 |
| | | | | $108,220.45 | $93,157.29 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $2,077.44
Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $8,844.07

**Total Amount of Unsecured General Claims:** $212,299.25

1872                                          COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 8:20-BK-11795-MW | Lien Recorded    : 04/08/2014 – 00:00AM<br>Recording Number: 2014000131274<br>UCC Number    :<br>Liber    :<br>Page    : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 829-3903 | IRS Serial Number: 991804814 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  BYRON PRIESTLY


Residence:
  22442 RIPPLING BRK
  LAKE FOREST, CA 92630-5625

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 6672 | 09/30/2007 | XXX-XX-1162 | 03/28/2011 | 04/27/2021 | $3,538.19 |
| 1040 | 12/31/2007 | XXX-XX-1162 | 06/27/2011 | 07/27/2021 | $58,384.84 |
| 6672 | 12/31/2007 | XXX-XX-1162 | 05/03/2010 | 06/02/2020 | $6,948.90 |
| 6672 | 03/31/2008 | XXX-XX-1162 | 05/03/2010 | 06/02/2020 | $3,227.31 |
| 6672 | 06/30/2008 | XXX-XX-1162 | 05/03/2010 | 06/02/2020 | $3,692.23 |
| 6672 | 09/30/2008 | XXX-XX-1162 | 05/03/2010 | 06/02/2020 | $3,328.52 |
| 6672 | 12/31/2008 | XXX-XX-1162 | 05/03/2010 | 06/02/2020 | $2,547.60 |

| Filed at: COUNTY RECORDER<br>ORANGE COUNTY<br>SANTA ANA, CA 92702 | Total | $81,667.59 |
|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 27th day of March, 2014.

| Authorizing Official:<br>G.J. CARTER-LOUIS | Title:<br>ACS SBSE          27-00-0008 |
|---|---|

**EXHIBIT 2**

**CLOSED**

**U.S. Bankruptcy Court**
**Central District of California (Santa Ana)**
**Bankruptcy Petition #: 8:11-bk-16045-MW**

|  |  |
|---|---|
| *Assigned to:* Mark S Wallace | *Date filed:* 04/28/2011 |
| Chapter 7 | *Date terminated:* 05/16/2013 |
| Voluntary | *Debtor discharged:* 05/16/2013 |
| No asset | *341 meeting:* 06/07/2011 |
|  | *Deadline for objecting to discharge:* 08/08/2011 |

*Debtor disposition:* Standard Discharge

*Debtor*
**Byron Priestley**
22442 Rippling Brook
Lake Forest, CA 92630
ORANGE-CA
SSN / ITIN: xxx-xx-1162
*aka* **Byron York Priestley**

represented by **Rajiv Jain**
Jain Law Group
8 Corporate Park
Suite 300
Irvine, CA 92602
949-379-7165
Fax : 949-379-7163
Email: ecf@jainlawgroup.com

**Phillip R Kimes**
3045 Bella Vista Ln
Little Elm, TX 75068
972-292-1443
Fax : 972-292-1763
Email: philkimeslaw@yahoo.com

*Trustee*
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

**There are proceedings for case 8:11-bk-16045-MW but none satisfy the
selection criteria.**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/20/2020 19:21:11 | | | |
| **PACER Login:** | atty228445:2917395:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:11-bk-16045-MW Fil or Ent: filed From: 8/21/2020 To: 11/20/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

B6A (Official Form 6A) (12/07)

In re   **Byron Priestley**                                                                     Case No.   __8:11-bk-16045__
_____
                                    Debtor                                        ,

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. **List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                 Best Case Bankruptcy

Case 8:11-bk-16045-MW    Doc 12    Filed 05/13/11    Entered 05/13/11 15:27:54    Desc
Main Document    Page 7 of 46

B6B (Official Form 6B) (12/07)

In re    **Byron Priestley**                                              Case No.    **8:11-bk-16045**
_____
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | Location: 22442 Rippling Brook, Lake Forest CA 92630 | J | 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account:** **Location: WELLS FARGO LAKE FOREST CA** | H | 20.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Location: 22442 Rippling Brook, Lake Forest CA 92630 | - | 1,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Location: 22442 Rippling Brook, Lake Forest CA 92630 | - | 800.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Location: 22442 Rippling Brook, Lake Forest CA 92630 | J | 800.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >        2,640.00
(Total of this page)

__2__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Byron Priestley**                                                        Case No.    **8:11-bk-16045**
_____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Potential California Rosenthal Fair Debt Collection Practices Act and Federal Fair Debt and Collection Practices Act violations. Potential Federal Fair Credit Reporting Act and Cal Civ Code section 1785.25 et. seq. violations. Any other potential claims under applicable state and federal law. | - | 1.00 |

Sub-Total >    1.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     **Byron Priestley**                                                    Case No. ___**8:11-bk-16045**___
_____
                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Location: 22442 Rippling Brook  Lake Forest , CA 92630 Auto: 2006 GMC SIERRA TRUCK Mileage: 120,000 | J | 11,150.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Location: 22442 Rippling Brook, Lake Forest CA 92630 Scaffolding equipment | - | 20,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 31,150.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 33,791.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)